Read, J.
It is contended by counsel for the plaintiff that, under the occupying claimant law, the defendant.is not entitled to payment for valuable and lasting improvements made upon the premises prior to December 29, 1834, because, up to that period from the year 1820, he had occupied under no color of title whatever derived in the manner specified in the statute.
This presents the simple question whether, upon a fair construction of the occupying claimant law, a person in possession of land under no color of title whatever, and subsequently acquiring such title as brings him within the statute, is, upon *eviction by superior title, entitled to compensation for such valuable-improvements as he may have made upon the land whilst in-possession, without color of title, prior to the acquisition of such title-as confers upon him the benefit of' the statute? Is the occupying claimant entitled only to compensation for such improvements as he may put upon the premises whilst actually in possession under such title as the statute contemplates; or, will the lact of his being in such possession at the lime of the rendition of the judgment entitle him to compensation for all improvements he may have put upon the premises?
The equity of the statuto embraces all improvements made in *279 the honest belief of ownership, if, at the time’of rendition of judgment, the occupant is in possession under such title as brings him within the meaning of the statute. If such a state of facts exist as to call the statute into action, it never stops until it has worked out complete equity and justice, and embraced the entire improvements, beneficial to the successful claimant, and honestly made. Any other construction would permit an^honest purchaser of land, buying irom one, without color of title, who sells from mistaken belief o1 ownership, to be swept out of the hard toil of years expended in improvements made for the provision of his family or the repose of age.
The statute is to be so construed, whenever a case comes within its letter, that the person receiving the benefits anS advantages of improvements shall make compensation. It rests on the broadest equity; and in the language oi the court in Longworth v. Wolfington, 6 Ohio 10, may justly claim a liberal construction. The court in that case say, the law of this state is framed to cover every case where a party is evicted from the possession of lands which he had improved in the faith that he was the owner.
In the case of the Lessee of Shaler v. Magin, 2 Ohio 236, the court say, wo discover nothing in the statute that limits the claim of the occupying claimant to a compensation for such improvements as were made after the commencement *of his title. The statute is in the present tense, “when any occupying claimant being in quiet possession of land,” etc. The exhibition of title is at the rendition of judgment. There is nothing in the law that excludes a right to receive pay for improvements made by the tenant or the person under whom he claims, at any time before the commencement of the suit. '
Thus our own court has put a construction upon this statute which embraces this ease, and authorizes a compensation for improvements from the time the delendant went into possession in 1820. We adhere to these decisions as a correct exposition of the statute.
The motion to set aside the assessment of the jury is overruled, and it is ordered that the amount, so assessed, bo disposed of and paid according to the provisions of the statute for the relief of occupying claimants. Judgment entered accordingly.